**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-2143**

─────────────

PRESTON A. BURLEY,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY, Commissioner of the Social Security Administration,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:20-cv-00299-KDB)

─────────────

Submitted:  August 18, 2022                        Decided:  August 22, 2022

─────────────

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Evan Metaxatos, THE SASSER LAW FIRM, PA, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Peter A. Heinlein, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Preston A. Burley appeals the district court's order upholding the Administrative Law Judge's (ALJ) decision that Burley's disability had ceased on May 1, 2014, and that he had not become disabled again. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and discern no reversible error. We conclude that the ALJ applied the correct legal standards in evaluating Burley's claims and that the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the ALJ's decision. *Burley v. Comm'r of Soc. Sec.*, No. 3:20-cv-00299-KDB (W.D.N.C. Aug. 9, 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*